# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALBERTO RIOS, | CASE NO.: 10-4020 (PJS/TNL) |
| PETITIONER, | |
| V. | **REPORT AND RECOMMENDATION** |
| WARDEN SCOTT PETER FISHER, | |
| RESPONDENT. | |

Alberto Rios, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072, *pro se* Petitioner; and

D. Gerald Wilhelm and Gregory Booker, Assistant U.S. Attorneys, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

## I.   INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Docket No. 1). This action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b).

Petitioner brings the present Petition following a prison disciplinary action and his removal from a Residential Drug Abuse Program. Respondent opposes the Petition, arguing that this Court lacks subject-matter jurisdiction to consider the petition, Petitioner

1

failed to exhaust his administrative remedies, and Petitioner was accorded due process in his prison disciplinary proceeding.

For the reasons set forth herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE**.

## II.   BACKGROUND

**A.   Disciplinary Action**

Petitioner Alberto Rios is an inmate confined at the Federal Correctional Institution in Sandstone, Minnesota. *Id.* Petitioner was sentenced on April 24, 2006, by the United States District Court for the Eastern District of Texas, to 108 months of imprisonment followed by three years of supervised release, following his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.

Petitioner filed the instant Petition after he was disciplined for failing to follow an instruction given by a Drug Treatment Specialist (the specialist) on the prison staff. Petitioner alleges that on September 10, 2010, he was retrieving mail from the mailroom at the prison when he was confronted by the specialist, who ordered him to "move to the other side of the line" that divided the room. Petitioner contends that there was no line, and that he would have complied with the order if he had understood it. Petitioner alleges that he complied after the specialist clarified her instruction. The specialist filed an incident report based on the event.

The incident report was referred to the Unit Discipline Committee (UDC) at the prison. A hearing was held on September 15, 2010. After the hearing, the UDC found that Petitioner had committed the prohibited act and sanctioned him to 30 days loss of commissary privileges and 90 days loss of preferred housing. Petitioner did not appeal the UDC's findings and sanctions.

On September 14, 2010, Petitioner was also removed from the Residential Drug Abuse Program (RDAP) wait list and removed from RDAP housing after he failed to attend a morning meeting on September 10, 2010. Petitioner also did not appeal his removal from the RDAP wait list or removal from RDAP housing.

**B.    Residential Drug Abuse Program**

Congress directed the Bureau of Prisons (BOP) to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C.A. § 3621(b). Congress authorized the BOP to grant sentence reductions for those who successfully complete the RDAP. 18 U.S.C. § 3621(e)(2)(B). "Congress specified in 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act, that '[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621–3625].'" *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (quoting 18 U.S.C. § 3625); *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) (holding that "it is apparent that § 3625 precludes judicial review of agency adjudicative decisions"). To this end, the BOP promulgated regulations setting

3

forth the components of the RDAP, incentives for RDAP participation, eligibility for early release following RDAP participation, and appeals for inmate complaints regarding the RDAP. 28 C.F.R. §§ 550.53-57.

**C.    Section 2241 Petition**

On September 23, 2010, Petitioner filed this Petition for a Writ of Habeas Corpus by a Person in Federal Custody. The Petition alleges as grounds for relief that:

> The Federal Bureau of Prisons, in violation of the Administrative Procedures Act, 5 U.S.C. §§ 701-702, and the Petitioner's Due Process Rights as guaranteed by the 5th and 6th Amendments to the U.S. Constitution, arbitrarily and capriciously issued the petitioner an incident report which was not grounded on any reliable evidence, found him guilty of the conduct alleged in the incident report without relying on any evidence, then in retaliation to the petitioner reporting the incident report writer to staff, removed him from the Residential Drug Abuse Program, preferred housing, and caused him to lose Residential Reentry Credit and RDAP sentence credit.

Pet. for Writ of Habeas Corpus, at 3 of 5, Sept. 21, 2010 (Docket No. 1). Respondent opposes the Petition.

### III.    DISCUSSION

**A. Petitioner's Objection**

In his reply brief, Petitioner objects to certain paragraphs in Ann Kinyon's declaration. This Court recommends that Petitioner's objections be overruled. Even if this Court struck the offending paragraphs of her statements, this Court could consider all

4

of the attachments to Ann Kinyon's declaration because her averments establish that all of the attachments comply with the business records exception to hearsay.

### B. Standard of Review

Petitioner seeks relief under 28 U.S.C. § 2241, which states, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

Respondent opposes the petition, arguing (1) this Court lacks subject-matter jurisdiction to issue a writ because Petitioner has not and cannot challenge the term of his confinement; (2) Petitioner failed to exhaust his administrative remedies; and (3) Petitioner was afforded due process of law. Because this Court concludes that it lacks subject-matter jurisdiction to consider Petitioner's arguments and Petitioner failed to exhaust his administrative remedies, this Court recommends that the Petition be dismissed without prejudice. Accordingly, this report and recommendation does not address the Respondent's argument concerning whether or not Petitioner was afforded due process of law in the prison disciplinary proceeding.

### C. Subject Matter Jurisdiction

Habeas corpus petitions under 28 U.S.C. § 2241 allow prisoners to challenge the *fact* or *duration* of their confinement—not the *conditions* of that confinement. *Kruger*,

77 F.3d at 1073; *see also Rios v. Fisher*, Civil No. 10-3313 PJS/FLN, 2011 WL 3610455, at *1, n.1 (D. Minn. May 25, 2011) (enumerating certain claims for relief that are improper under a § 2241 petition). The Eighth Circuit Court of Appeals has held that the only relief available under section 2241 is an expedited release from prison. *Kruger*, 77 F.3d at 1073. Petitioner's challenge to his loss of commissary rights and the loss of preferred housing relate to the conditions of his confinement, not to the fact or duration of his confinement. These are precisely the type of sanctions that the Eighth Circuit Court of Appeals has held are not subject to habeas review. *Kruger*, 77 F.3d at 1073. Therefore, this Court lacks subject-matter jurisdiction to consider Petitioner's challenge of these claims.

Moreover, this Court lacks subject-matter jurisdiction to consider Petitioner's arguments related to his potential early release under the RDAP because (1) he was not admitted into the RDAP; (2) he had not successfully completed the RDAP; (3) he had not been accorded early release under the RDAP; and (4) any substantive decision by the BOP to admit an inmate into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable under 28 U.S.C. § 2241. *Reeb*, 636 F.3d at 1227; *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (holding that "[a] prisoner has no constitutional right to participate in RDAP . . . and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP").

6

## D. Exhaustion of Administrative Remedies

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). There is no dispute that Petitioner failed to exhaust his administrative remedies. Petitioner argues that he is excused from first presenting his claim to the BOP because "[s]taff refused to [engage] in the remedy process by refusing to sign BP-8 remedy form" and that "presenting [his] claim to the [BOP] would be futile since [he is] due to commence the RDAP program [sic] in March 2011." Respondent argues that Petitioner's contention that he was not provided with a BP-8 form is not credible. For the reasons set forth below, this Court recommends that the petition be dismissed without prejudice to afford Petitioner the opportunity to exhaust his administrative remedies.

First, Petitioner's lack of a BP-8 form did not thwart his ability to pursue his administrative remedies. The BOP's administrative remedy process is well defined. *See* 28 C.F.R. §§ 542.13-.18. The BP-8 form is only the informal, initial step in the grievance process. If informal resolution is insufficient, the inmate may file a formal complaint—a BP-9—with the Warden. 28 C.F.R. § 542.14; *see Robinson v. Sanders,* 2:07CV00019 WRW, 2008 WL 494052, at *4 (E.D. Ark. Feb. 19, 2008) (stating that "the fact that [the petitioner] received no response to his form BP-8 is not relevant"). Therefore, even assuming Petitioner's contentions regarding the BP-8 form are true and correct, Petitioner was not excused from engaging in the other steps of the administrative remedy process.

7

Second, the time involved in pursuing the administrative remedy process would not have caused irreparable harm. Petitioner filed his petition in September 2010 and he was not scheduled to begin the 500 hour RDAP program until March 2011. This span of five months would have more than accommodated the administrative remedy process.

Finally, Petitioner cited no support for the contention that the administrative remedy procedure would have afforded inadequate relief, nor any "special circumstances," *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993), to waive the administrative remedy procedures that are a condition precedent to bringing a section 2241 petition. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *Chappel*, 208 F.3d at 1069; *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Leighnor v. Turner*, 884 F.2d 385, 387 (8th Cir.1989). This Court, therefore, recommends that his Petition be denied for failure to exhaust his administrative remedies.

[Continued on next page.]

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE**; and

2. The Clerk of Court be ordered to enter judgment accordingly.

Dated: June 19, 2012                                    *s/ Tony N. Leung*
                                                                    Tony N. Leung
                                                                    United States Magistrate Judge
                                                                    United States District Court
                                                                    for the District of Minnesota

                                                                    CASE NO. 10-CV-4030-PJS-TNL

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **July 6, 2012**.